UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE ELEBY,<br><br>　　　　　　Petitioner,<br><br>　　　v.<br><br>R.L. GOWER, WARDEN,<br><br>　　　　　　Respondent. | CASE NO. CV 15-3261-CAS (PJW)<br><br>ORDER TO SHOW CAUSE WHY PETITION<br>SHOULD NOT BE DISMISSED |

　　　On April 24, 2015, Petitioner signed a Petition for Writ of Habeas Corpus, which was subsequently filed in this Court, challenging a 2010 conviction for burglary and resultant 12-year sentence. (Petition at 2.) Petitioner claims that there was insufficient evidence to support his conviction, the admission of fingerprint evidence violated his right to a fair trial, his right to cross-examination was denied, he was denied the effective assistance of counsel at trial, and he is actually innocent. (Petition at 5-6.) For the following reasons, Petitioner is ordered to show cause why his Petition should not be dismissed because it is time-barred.

　　　State prisoners seeking to challenge their state convictions in federal habeas corpus proceedings are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d). Here, Petitioner's conviction

1 became final on October 9, 2012--90 days after the California Supreme
2 Court denied his petition for review and the time expired for him to
3 file a petition for writ of certiorari in the United States Supreme
4 Court.  *See*, *e.g.*, *Brambles v. Duncan*, 412 F.3d 1066, 1069 (9th Cir.
5 2005).  Therefore, the statute of limitations expired one year later,
6 on October 9, 2013.  Petitioner, however, did not file this Petition
7 until April 24, 2015, more than 18 months after the deadline.[1]

8       IT IS THEREFORE ORDERED that, no later than **June 3, 2015,**
9 Petitioner shall inform the Court in writing why this case should not
10 be dismissed with prejudice because it is barred by the statute of
11 limitations.  Failure to timely file a response will result in a
12 recommendation that this case be dismissed.

13      DATED: May 4, 2015

*[signature: Patrick J. Walsh]*

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

24 S:\PJW\Cases-State Habeas\ELEBY, T 3261\OSC dismiss pet.wpd

---

[1] Pursuant to the "mailbox rule" for prisoner filings, the Court uses the date Petitioner signed his pleadings (and presumably delivered them to prison staff for mailing) as the filing date.  *See Houston v. Lack*, 487 U.S. 266, 275-76 (1988).